STATE, Plaintiff, v. CAIN, Defendant.

*January 9—February 5, 1963.*

The cause was argued for the plaintiff by *Rudolph P. Regez* of Monroe, counsel for the Board of State Bar Commissioners, and for the defendant by *Allan C. Cain* of Appleton, *in pro. per.,* and *Henry P. Hughes* of Oshkosh.

PER CURIAM. The record shows that defendant Allan C. Cain is a lawyer, age fifty-six. He was married in 1934; he has no children. After graduation from Marquette University and admission to the bar in 1934, he started his practice in Little Chute. In 1942 he moved to Kaukauna and has practiced there and in Appleton.

In 1957 auditors from the federal government were directed to the defendant's income-tax reports because of a claimed casualty-loss deduction. Subsequent auditing disclosed gross inaccuracies. In 1960 a federal grand jury indicted defendant on four counts of wilfully attempting to evade and defeat a large part of income tax due and owing, by filing a false and fraudulent joint income-tax return for each of the calendar years 1953 to 1956, inclusive. Defendant was found guilty on each of the four counts and sentenced to imprisonment for one year and fined $2,000. Defendant began to serve his sentence in June, 1962, and has recently been paroled.

We find no basis for challenging the findings of the federal court and of the referee that defendant intentionally reported

income at figures very substantially less than he received, for the purpose of evading lawful taxes. Defendant urged several propositions to mitigate the degree of culpability involved. Some or all of them were first offered in federal court as evidence that he intended no wrong. They are: (a) An inadequate bookkeeping system; (b) frustration due to a cancer which had been removed from his face but which he feared might crop out elsewhere in his system, and the fact that a new home which was supposed to cost $40,000 was costing him approximately $90,000; (c) lack of proficiency in handling figures; (d) ignorance of tax matters; and (e) claimed mental incompetency. These propositions were rejected by the United States district judge who tried the federal charges and were found by the referee to be "unrealistic and unpersuasive." We agree.

Moreover, except for the concern over recurrence of cancer which may well have been a real and substantial preoccupation of defendant's mind, the fact that in this proceeding he urged the other propositions in mitigation demonstrated that he did not yet fully appreciate the seriousness of his departure from the standard of probity which should be fulfilled by a lawyer.

Facts considered by the referee in determining that permanent disbarment is not required are as follows:

There has been no evidence of defendant's having taken undue advantage of his clients and he has apparently served them ably. The judges before whom he has practiced have considered his relationship with their courts to be satisfactory. The referee stated:

"At the hearing on September 17, 1962, at Sandstone penitentiary at which the defendant was before us for several hours, I gained the impression that he was penitent, free from rancor or resentment, and that if given an opportunity to rehabilitate himself, he would make good and prove satisfactory in his chosen profession of law; that he has no other

business or profession in which he is sufficiently proficient or experienced to yield him a living."

It also appears that after the federal investigation of defendant's income taxes commenced, defendant was co-operative in furnishing information.

There can be no question that disciplinary action is merited. The extent of discipline required by the particular facts of each case is highly discretionary. We conclude that the recommendation of the referee should be followed except in one respect. Defendant has been in prison since June, 1962, and until his recent parole. Some of the purposes of suspension of the privilege of practicing law have been fulfilled during that period. We also note that defendant seems assured that because of the lapse of time since the removal of his cancer, his fear of reoccurrence will no longer preoccupy him. Although his concern over his health did not excuse his conduct, it may well have affected his judgment. Because of these considerations, it seems fair to reduce the recommended period of suspension by the eight months which have elapsed since defendant's imprisonment began.

Therefore, it is ordered and adjudged, that the license of the defendant Allan C. Cain to practice law be suspended for a period of sixteen months from the date of the entry of judgment herein and thereafter until reinstatement; that the costs of these proceedings shall be taxed and charged to the defendant and collected in accordance with the provisions of sec. 256.28 (14), Stats.; and that after the expiration of sixteen months, the defendant may apply for reinstatement of his license to practice law upon compliance with sec. 6, Rule 10, State Bar Rules, and payment of costs as herein ordered.