STATE, Plaintiff, v. MACINTYRE, Defendant.

*No. State 117. Argued January 9, 1969.—Decided February 4, 1969.*

(Also reported in 164 N. W. 2d 235.)

For the plaintiff there were briefs and oral argument by *Rudolph P. Regez* of Monroe, counsel for the Board of State Bar Commissioners.

For the defendant there was a brief and oral argument by *John T. Harrington* of Madison.

PER CURIAM. In disciplinary proceedings brought against members of the legal profession, as in other types of actions, the similarly situated are to be treated similarly. However, each such proceeding appears to bring special factors and individual characteristics, distinguishing it, in degree if not in kind, from earlier proceedings of a generally similar nature. This is certainly true in this proceeding.

Here we deal with an attorney who was convicted, on his plea of nolo contendere in the federal court of wilfully and knowingly attempting to evade and defeat the payment of a part of his federal income tax for the year 1959 by filing a false and fraudulent tax return. Counsel for the defendant submits that "Since that conviction is an established fact, it is now irrelevant to argue or discuss the background material." This position is correct, but it is a knife that cuts in two directions. We must then deal here with a conviction involving wilful evasion of the obligation to pay taxes. The federal court found: "The Court is forced by the facts here to conclude that your conduct, Mr. McIntyre [MacIntyre], has been both careless and wilful . . . ." This is quoted to describe exactly the type of misconduct here involved. While such misconduct does not directly involve the attorney-and-client relationship, we have here a court finding of volitional misconduct reflected by a finding of guilty of violation of a federal criminal statute. The defendant's having been found guilty of a serious federal crime is one major fact to be considered in determining the disposition of this proceeding.

However, we do not deal here with the matter of imposing a penalty for violation of a criminal statute. That penalty was imposed in the federal court, to wit,

a period of confinement in a federal correctional institution. Indeed, the fact that the defendant was a practicing attorney entered into the fixing of that penalty, the trial court commenting, "Even lawyers who do not engage in tax practice, however, must be held to a somewhat higher standard than laymen, if only to a standard of keen awareness that it is unlawful to conceal major amounts of income from one's business or profession." It is not the purpose of this proceeding to impose a second penalty for the offense involved.

As counsel for the bar commissioners' board points out in his brief, the primary purpose behind all disbarment proceedings is to protect the public interest so that there is an assurance of the moral fitness and professional competency of those privileged to hold a license to practice law. *State v. Schnorenberg* (1932), 208 Wis. 595, 243 N. W. 486; *State v. Kern* (1930), 203 Wis. 178, 233 N. W. 629. It is the protection of the public rather than the imposition of penalty or punishment that is involved. However, the fact that the defendant was once before this disciplined for unprofessional conduct (*See State v. MacIntyre* (1941), 238 Wis. 406, 298 N. W. 200) is clearly a fact not to be disregarded in determining the appropriate disposition of this proceeding. In the earlier disciplinary action, the defendant was found guilty of subornation of perjury as to the residency of a divorce-seeking client and his license to practice law was suspended for one year. This took place in the year 1941. While the charges and situations are dissimilar, the fact of unprofessional conduct is present in both proceedings. The apprehension as to protecting the public interest is heightened by the repeater aspect of this proceeding. It is a fact and factor that may, in fact must, be taken into consideration.

We also take into consideration the age of the defendant. He is now seventy-two years of age. This is

not to say that there is to be one measure of professional discipline for younger practitioners at the bar, a different one for senior citizen attorneys. Indeed, the matter of life expectancy has many uncertainties. The fatal accident or unexpected heart attack may strike down a person in the prime of life. The septuagenarian may reach the century mark in human living. However, we have given some consideration, no more than that, to the fact that the defendant has likely reached the twilight years of his professional career and life on earth.

The referee's recommendation of permanent disbarment is based in considerable measure on the refusal of the defendant to permit the opening of his complete records for investigation. Counsel for the board of bar commissioners stresses heavily the lack of cooperation of the defendant involved in his not permitting access to the Internal Revenue Service records. It is true that in the case of *State v. Cain* (1963), 19 Wis. 2d 50, 119 N. W. 2d 391, this court gave weight to the fact that ". . . after the federal investigation of defendant's income taxes commenced, defendant was co-operative in furnishing information." We would do so again, finding the fact and attitude of cooperativeness highly relevant on the disposition indicated for the proper protection of the public.

However, we have grave doubts as to whether there is a reverse side to this coin. Under a recent decision and interpretation of the United States Constitution by the United States Supreme Court, it appears that the refusal to produce financial records cannot be considered in any way in the determination of this type of proceeding. Until recently, the privilege against self-incrimination had been held not applicable in state disciplinary actions brought against members of the bar. (*See Cohen v. Hurley* (1961), 366 U. S. 117, 81 Sup. Ct. 954, 6 L. Ed. 2d

156.) However, this reasoning was specifically over-turned in a five-to-four decision of the United States Supreme Court, the majority of the court holding that ". . . the Self-Incrimination Clause of the Fifth Amendment has been absorbed in the Fourteenth, that it extends its protection to lawyers as well as to other individuals, and that it should not be watered down by imposing the dishonor of disbarment and the deprivation of a livelihood as a price for asserting it." *Spevack v. Klein* (1967), 385 U. S. 511, 514, 87 Sup. Ct. 625, 627, 17 L. Ed. 2d 574. In the *Spevack Case,* a disciplinary action against an attorney, the state of New York disbarred the attorney involved for refusing to honor a subpoena duces tecum to compel him to produce his financial records and for refusing to testify in the disciplinary action against him. While the ground for his refusal was his constitutional right against self-incrimination, a right not asserted in the case before us, it seems clear that a lawyer is now entitled to refuse to produce records related to a disciplinary or disbarment proceeding against him. It follows that his refusal to produce such records is no longer a fact or factor properly to be considered or given weight in determining the proper disposition of a disciplinary proceeding against him.

Taking then into consideration all factors properly to be considered by this court, and all parts of the record related thereto, we arrive at the conclusion that the proper disposition of this proceeding would be, on the finding of unprofessional conduct, to suspend the license of the defendant, Darrell MacIntyre, to practice law for a period of two years, and to order that the costs of these proceedings shall be taxed and charged to the defendant and collected in accordance with the provisions of sec. 256.28 (14), Stats. Such taxable costs are to be paid in full before the license of the defendant to practice

law is restored to him. The suspension from the right to practice law in this state shall date from June 28, 1967, the date on which defendant's license to practice was suspended by this court pending the entry of a final order or judgment in this proceeding.