STATE, Plaintiff, v. KONDOS, Defendant.*

*No. State 195. Decided December 20, 1974.*
(Also reported in 224 N. W. 2d 211.)

* Motion for rehearing denied, without costs, on March 4, 1975.

For the plaintiff: *Robert H. Bichler* of Racine.
For the defendant: *David L. Walther* of Milwaukee.

PER CURIAM. On November 14, 1974, a complaint was served and filed charging Peter J. Kondos with conduct calling for bar discipline on two counts:

1. He had been charged with and convicted of "filing false and fraudulent income tax returns for the year 1966 in violation of Title 26 USC sec. 7201."

2. He was charged with receiving and disbursing clients' funds in violation of the trust accounting procedures required by sec. 256.293, Stats., in that the clients' funds were commingled with his own funds. This charge relates only to the years 1965 and 1966.

Specifically, the federal income tax charge was that he and his wife underreported their 1966 income by almost $20,000 (they reported $11,602.07), which led to the imposition of an additional income tax in the amount of about $5,400 (on top of $2,578.36 paid). On his plea of nolo contendere, Kondos was convicted on this charge (but for lesser amount of tax due) on June 7, 1974. Following this conviction he was sentenced to three years and placed on probation for that time, the first ninety days of which was to be spent by confinement in Ozaukee county jail. He did spend the ninety days in jail as required, and has since been placed on probation for the remaining two years and nine months.

Kondos and the board entered a stipulation of facts. Skipping the referee, they have submitted the matter to our court for disposition, the board proposing that the court suspend Kondos from the practice of law until the court "deems him competent to resume the practice of law."

In the stipulation of facts and exhibits which were forwarded by Kondos, they stipulate to the conviction

under Title 26, sec. 7201, and Kondos owns up to certain facts as to the commingling.

The income tax violation was pursued on the basis of specific underreporting of income based on particularized fees paid by clients which have been admitted to by Kondos. The stipulation and supporting papers show that the underreported income is as follows:

| | |
|---|---:|
| Divorce case of Gadomski | $  525.00 |
| Personal injury case of Matheson | 9,318.60 |
| Criminal case of Harris | 1,600.00 |
| Drunk driving case of Rice | 1,650.00 |
| Miscellaneous fees | 475.00 |
| Struhar workmen's compensation | 1,242.65 |
| Burglary charge of Zednik | 1,200.00 |
| | $16,011.25 |

bringing additional tax of $4,334 (less than charged).

The detailed charge as to his commingling of clients' funds with his own, specifically involves the Matheson case where he did receive a gross settlement ($37,500) from which he made numerous disbursements; he also used some of these funds for his own purposes. He admits that his own funds were in this so-called "wash account" at the Marine Bank. Other clients' funds on personal injury cases and other matters were also processed in the same account. He had a separate clients' trust account at the Marshall & Illsley Bank and he now has established a clients' trust fund which is regular in every respect and has now been transferred to the Bank of Commerce.

In an affidavit which Kondos has now filed, to which the board takes no exception, Kondos swears that he voluntarily cooperated in great detail with the IRS on their entire investigation; that he is in great debt with liabilities exceeding his assets; that it took the IRS over five years to bring about the prosecution on the income tax matter; that his wife died on September 30, 1971, that

there was a fire at his home on February 10, 1972, which destroyed most of his records; that he is aged sixty-two; that he is a Marquette University law graduate of 1938, and was admitted to the bar in 1939; and that he belongs to many civic organizations and served with distinction as a gunnery officer during World War II.

This case presents the precise type of income tax violation presented to us before in the case of *State v. MacIntyre*.[1] In that case, MacIntyre was convicted of violating the same code provision for underreported income in one year and he was sentenced to two years at Sandstone. We later suspended his license to practice for a period of two years.

In the case of *State v. Cain* [2] we were also confronted with the same type of tax violation; in that case the suspension was for sixteen months and we noted there that there had been a record of considerable cooperation which was absent in the *MacIntyre Case*. There is no question here but that Kondos cooperated with the federal tax officials to a considerable extent. As compared to the tax cases, this case has the additional element of a failure to comply with sec. 256.293, Stats., in that Kondos admits to commingling his funds with those of his clients and not maintaining and using a trust account in the prescribed manner.

Disciplinary action is required. The filing of a false and fraudulent income tax return by a lawyer is a most grievous offense. Although "such misconduct does not directly involve the attorney-and-client relationship, we have here a court finding of volitional misconduct reflected by a finding of guilty of violation of a federal criminal statute." [3] Lawyers must be held to a higher standard than laymen as to the filing of income tax re-

---

[1] (1969), 41 Wis. 2d 481, 164 N. W. 2d 235.

[2] (1963), 19 Wis. 2d 50, 119 N. W. 2d 391.

[3] *State v. MacIntyre* (1969), 41 Wis. 2d 481, 483, 164 N. W. 2d 235.

turns. Here, Kondos is guilty not only of a substantial violation of federal law involving intentional misconduct, which has a direct bearing on his moral fitness and professional competency as one privileged to hold a license to practice law, but also the seriousness of his commingling his funds with those of his clients is definitely another factor warranting discipline. Bar discipline is imposed for the fundamental purpose of protecting the public interest so that there may be assurance of the moral fitness and professional responsibility of everyone licensed to practice law in this state.

In imposing discipline, we have borne in mind, of course, the fact that Kondos has already been confined to jail for ninety days and has apparently already voluntarily refrained from any practice of law since his sentencing on July 12, 1974. We also note Kondos' age of sixty-two years, and his long record of admitted public service and participation in many civic matters. We conclude that the license of Peter Kondos to practice law is suspended until June 1, 1976, together with the payment of costs of these proceedings. Kondos will be reinstated on June 1, 1976, provided he shall petition for reinstatement under Rule 10, sec. 5, of the Rules and By-Laws of the State Bar of Wisconsin, prior to that date, and unless this court, following the reinstatement procedure provided for by that rule, shall order to the contrary.