STATE, Plaintiff, v. ALDRICH, Defendant.

*No. 75–15.   Argued January 5, 1976.——Decided February 3, 1976.*
(Also reported in 237 N. W. 2d 689.)

For the plaintiff there was a brief and oral argument by *Robert H. Bichler* of Racine, counsel for board of state bar commissioners.

For the defendant there was a brief and oral argument by *Norman C. Skogstad* of Grafton.

PER CURIAM. The complaint charged misuse of client's funds. An evidentiary hearing was conducted on July 26, 1975, by a referee appointed by this court. The referee found the defendant Aldrich did commingle the client's funds with his personal funds and did use the client's funds for his personal purposes. The referee concluded the defendant violated sec. 253.293, Stats., which requires client's funds be deposited in a trust and that this violation constituted unprofessional conduct warranting discipline. The referee further recommended the defendant be reprimanded for his conduct.

Neither the counsel for the board nor the defendant contest the findings of fact and conclusions of law. The issue here is the discipline to be imposed.

The testimony adduced at the hearing revealed that the defendant was retained in September of 1972 to probate the estate of Louise Manske who died testate survived by three daughters and two sisters. One of the daughters, Dorothy Milkowski, was named personal representative by the terms of the will. The assets of the estate consisted of a home which was appraised at $16,900, and a savings account containing approximately $1,000. At the direction of the defendant, Mrs. Milkowski converted the savings account into a checking account in the name of the estate. Several hospital and doctor bills were paid from this account.

By personal letter to Mrs. Milkowski, Mrs. Manske, the deceased, had requested that her sister Elsa be permitted to live in the home for as long as she desired. To honor this request, the decedent's other sister decided to pur-

chase the home for $17,000 and its furnishings for $500. In November of 1972, a check in the amount of $5,000 was forwarded to the defendant's office, payable to the personal representative, as down payment on the house. The defendant instructed Mrs. Milkowski to endorse the check and it was left in his office. The defendant testified that he deposited the funds in an account that he was then using for personal matters. He stated that during the period from September of 1972 through 1973, he did not maintain an attorney trust account. The defendant further testified that the down payment money was, in fact, used for his personal purposes.

In the summer of 1973, Mrs. Milkowski's sisters began questioning her about her failure to close the estate and distribute the funds. She then made almost weekly contact with the defendant regarding the $5,000 and the closing of the estate. She was told by the defendant that the money was safe and that there were problems with the title to the house which were causing delay. Upon learning that the down payment check had been cashed by the defendant in November of 1972, and not having received the money after several requests, Mrs. Milkowski, in November of 1973, wrote a letter of complaint to the State Bar. A representative of the bar's grievance committee contacted the defendant shortly thereafter and the defendant paid the $5,000 to Mrs. Milkowski on December 5, 1973. Mrs. Milkowski, after a conference with the defendant, wrote a letter to the bar withdrawing her complaint.

The defendant testified that he had closed his trust accounts because federal income tax authorities had garnisheed them in the past, apparently in an attempt to establish his net worth or income. He further stated that he, at all times, had sufficient cash on hand to pay the $5,000. That cash was kept in a vault in the defendant's office.

The purposes of discipline in a professional misconduct case have been stated as: (1) The rehabilitation of the attorney; (2) the protection of the public; and (3) providing a deterrent to other attorneys. *State v. MacIntyre* (1969), 41 Wis. 2d 481, 164 N. W. 2d 235; *State v. Corry* (1971), 51 Wis. 2d 124, 126, 186 N. W. 2d 325; *State v. Kelly* (1968), 39 Wis. 2d 171, 189, 158 N. W. 2d 554. The defendant in this case admits to "the technical violation of co-mingling in a single situation," but argues that there are mitigating circumstances which warrant the imposition of the discipline recommended by the referee. The state points out that the defendant has previously been censured by this court for failure to file federal income tax returns. *See: State v. Aldrich* (1971), 51 Wis. 2d 127, 186 N. W. 2d 329. The state argues that this fact, and other considerations, warrant discipline in the form of a suspension rather than reprimand.

In *State v. MacIntyre, supra,* this court held that "the fact that the defendant was once before this disciplined for unprofessional conduct [case cited] is clearly a fact not to be disregarded in determining the appropriate disposition of this proceeding." The court concluded at page 484:

"The apprehension as to protecting the public interest is heightened by the repeater aspect of this proceeding. It is a fact and factor that may, in fact must, be taken into consideration."

In two recent cases involving trust account improprieties this court has suspended or revocated the attorney's privilege to practice law. *See: State v. Stoveken* (1975), 68 Wis. 2d 716, 229 N. W. 2d 224; *State v. McNamara* (1975), 68 Wis. 2d 701, 229 N. W. 2d 698. The defendant argues that these decisions are not controlling here because of the difference in factual circumstances. The defendant contends that a suspension is not required for

either rehabilitative or protective purposes. He argues that the failure to employ a trust account, while "unwise and in violation of his duty as a lawyer," was not the result of an intentional, deliberate attempt to convert the funds to his own purposes, but constituted instead a good-faith effort to avoid the problems posed by the tax authorities. He also argues that the client in this case was ultimately satisfied with his services and, in fact, returned for further legal services.

In *State v. McNamara, supra,* the incident involving misappropriation of a client's funds was only one of several improprieties which led to the revocation of the defendant-attorney's license. In the *Stoveken Case,* the court specifically noted the repeated nature of the misuse of trust account funds in deciding on a one-year suspension. Both cases illustrate this court's concern with trust fund abuses. In *Stoveken,* the court stated that the attorney's attempted explanation of his activities did not alter their initial impropriety. The evidence in this case supports the referee's conclusion that the defendant asked Mrs. Milkowski to endorse the check with the intention to deposit the proceeds in his personal account. It is undisputed that those funds were, in fact, used for defendant's personal purposes. Defendant's explanation that he was attempting to avoid having his client's funds garnisheed is inadequate at best. Certainly the money could have been deposited in the checking account which was opened on behalf of the estate even if he did not maintain a trust account.

The nature of the defendant's misconduct is such as to bring disrepute to the profession as a whole. We impose discipline in such cases to protect the public and assure the moral fitness and professional responsibility of those licensed to practice law. *State v. Kondos* (1974), 66 Wis. 2d 119, 123, 224 N. W. 2d 211; *State v. Schoendorf* (1973), 60 Wis. 2d 309, 210 N. W. 2d 447. We deem

that the public needs protection as much from impropriety which results from inexcusable incompetence or a high degree of negligence as it does from intentional misconduct. The factors in this case which demonstrate a need for suspension as opposed to reprimand include: (1) The defendant's prior reprimand by this court; (2) the inference that defendant intended to use the funds for his own purposes; (3) defendant's failure to return the funds upon request until the intervention of the bar's grievance committee; (4) the admitted use of the client's funds for personal purposes; and (5) the desirability of emphasizing to the legal community the serious nature of improprieties involving clients' funds and trust account funds.

It is the order of this court that the defendant, Roland F. Aldrich, be suspended from the practice of law in this state for a period of six months from the entry of this order. Restoration and reinstatement as a member of the State Bar is conditioned upon the payment of costs of these proceedings to the clerk of this court, not to exceed $500, and compliance with Rule 10, sec. 5 of the Rules and By-Laws of the State Bar of Wisconsin.