IN MATTER OF DISCIPLINARY PROCEEDINGS AGAINST EISENBERG, Attorney at Law.†

*No. 76–108–D. Argued October 3, 1977.—*
*Decided November 30, 1977.*
(Also reported in 259 N.W.2d 745.)

† Motion for rehearing denied, without costs, on March 3, 1978. (ABRAHAMSON and CALLOW, JJ., took no part.)

For the petitioner there was a brief and oral argument by *Robert H. Bichler,* of Racine, counsel for Board of State Bar Commissioners.

For the respondent there was a brief and oral argument by *Ray T. McCann* of Milwaukee.

*PER CURIAM.* This is an original action filed by the Board of State Bar Commissioners pursuant to sec. 256.283, Stats., seeking disciplinary action against Sydney M. Eisenberg, an attorney admitted to practice in this state since 1939, except for the period of an earlier suspension. Eisenberg practices in Milwaukee. The complaint of the Board alleges that Eisenberg was convicted in federal court of three counts of willfully making and subscribing a false individual income tax return in violation of 26 U.S.C. §7206(1). The substance of the charges was that for the years 1968, 1969 and 1970 Eisenberg filed returns which substantially understated his adjusted gross income and as to 1968, overstated his interest expense. Eisenberg was fined $3,000 on the first count, $1,000 on the second count, and $3,000 on the third count. He appealed the convictions to the United States Court of Appeals for the Seventh Circuit which on November 1, 1977, affirmed the convictions on all three counts.

The Honorable Elton J. Morrison was appointed referee to hear the complaint. He filed his report on April 22, 1977. In the report he recommended that Eisenberg be fined $1,000 on each of the three counts, and expressly did not recommend any period of suspension.

This matter was taken under advisement on October 3, 1977. At that time Eisenberg's appeal had been argued but not decided by the Seventh Circuit. We determined that we would await the decision on the appeal before acting on the referee's report. Eisenberg advises us that he will file a motion for rehearing in the Seventh Circuit and if that fails, to petition the United States Supreme Court for a writ of certiorari. He requests that pending those further appeals no action be taken herein. We do not believe that any additional delay in this matter is warranted and thus we deny the request.

The Board of State Bar Commissioners has moved to strike those portions of the evidence which impeach or

conflict with the tax conviction and urge that Eisenberg's license to practice law be suspended for a "substantial period of time" but does not suggest any specific period. Eisenberg, on the other hand, has filed a motion for this Court to affirm the referee's recommendations.

There are two issues presented to us for decision: (1) does sec. 256.283(7), Stats., render inadmissible evidence offered to prove Eisenberg's lack of knowledge of the falsity of the returns and reliance on bookkeepers and accountants; and (2) should Eisenberg be suspended from the practice of law because of his convictions?

As to the admissibility issue, section 256.283(7) provides that "in any disciplinary proceeding instituted against an attorney based on a conviction, the certificate of his conviction shall be conclusive evidence of his guilt of the crime for which he has been convicted." Eisenberg was convicted of violating 26 U.S.C. §7206(1) which provides that any person who "willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under penalties of perjury, and which he does not believe to be true and correct as to every material matter . . . shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000 or imprisoned not more than three years, or both, together with costs of prosecution." The essence of the crime of which Eisenberg was convicted was that under penalty of perjury he filed a tax return which he did "not believe to be true." His principal contention at trial and on appeal was the same as made here, that he relied upon bookkeepers and accountants to prepare his returns and did not knowingly sign a false return.

The trial judge who heard the case rejected this argument as did the Court of Appeals, which in its opinion pointed to specific acts of Eisenberg which supported the trial judge's conclusion that Eisenberg was aware

of and participated in the "pattern of manipulation" which resulted in the false returns.

The evidence introduced at the hearing before the referee was cumulative to the testimony introduced at the trial, its purpose being to show that Eisenberg relied on others to keep his financial records and prepare his returns and thus his guilt was only of a technical nature and based upon a legal presumption. The referee admitted the testimony over the objection of the Board, stating that he was admitting it not for the purpose of impeaching the conviction, but to show mitigating circumstances and thus relevant to the discipline to be imposed.

Section 256.283(7) was adopted by this Court in 1971, 48 Wis.2d vii, in response to a petition filed by the Board of State Bar Commissioners. In its petition the Board stated that it incorporated many of the recommendations of the American Bar Association's Special Committee on the Evaluation of Disciplinary Enforcement of the American Bar Association (the Clark Committee). One of the recommendations of that committee was for the adoption of a rule such as that contained in sec. 256.283 (7). The committee further recommended that "in any proceeding to determine the extent of discipline to be imposed, the attorney may offer evidence of mitigating circumstances *not inconsistent with the essential elements of the crime as determined by the statute defining the crime.*" (Emphasis supplied.)

Accepting this statement as to the proper application of section 256.283(7), the question then is whether the evidence to which the Board objects and which was admitted by the referee to show mitigating circumstances was "inconsistent with the essential elements of the crime." We believe that it was, and therefore grant the motion of the Board to strike the testimony. The same

type of evidence was introduced at the trial to attempt to show that Eisenberg did not "willfully" or knowingly sign a false return. His defense before the referee was the same as that made to and rejected by the federal courts, that he did not know the return was false. The type of evidence we believe is admissible to show mitigating circumstances would relate to family problems, medical problems, civic responsibilities, character references, age, experience, dominating influence of another, and the like. The evidence submitted by Eisenberg is not of that nature and thus should not have been admitted.

The second question is what discipline should be imposed. The referee recommends a fine of $3,000 and Eisenberg supports this, while the Board wants a substantial period of suspension. The referee gave the following reasons for recommending against any suspension: there is no statutory crime involved, no unsatisfactory client relationship is stated, the conviction is based entirely upon the returns filed and the presumptions arising therefrom, the trial judge stated that this was not a tax evasion case, imposed a sentence of only a fine, and Eisenberg's earlier discipline is immaterial because it did not involve tax evasion.

We do not agree with the referee's basis for his recommended discipline. The crime of which Eisenberg was convicted was a felony created by statute. The fact that no unsatisfactory client relationship was involved is not necessarily significant. We have in the past imposed a period of suspension in such circumstances. *State v. MacIntyre,* 41 Wis.2d 481, 164 N.W.2d 235 (1969); *State v. Cain,* 19 Wis.2d 50, 119 N.W.2d 391 (1963).

A reading of the Court of Appeals decision in Eisenberg's appeal does not support the statement that the conviction was based solely upon the legal presumption

that Eisenberg was responsible for what was in the returns he signed. The Court of Appeals pointed to specific acts by Eisenberg that supported the conviction and stated that the trial judge found a pattern of manipulation in his financial activities. The statement by the trial judge that this was not a tax evasion case is not particularly significant because the judge was simply pointing out the fact that Eisenberg was not charged under 26 U.S.C. §7201 with tax evasion, but under 26 U.S.C. §7206 with signing a return he believed was false. This does not diminish the fact that Eisenberg was convicted of a felony.

The referee discounted the significance of Eisenberg's earlier discipline by this Court, *State v. Eisenberg,* 48 Wis.2d 364, 180 N.W.2d 529 (1970) on the ground that it did not involve an income tax related matter. We do not accept this principle. We have in the past taken into consideration the fact that discipline was previously imposed against the same attorney without requiring that it be the same type of misconduct. In *State v. Aldrich,* 71 Wis.2d 206, 237 N.W.2d 689 (1976), for example, we listed as one of the factors to be weighed in imposing discipline the prior reprimand by this Court for failure to file an income tax return, even though the second case involved misuse of clients' funds, not another tax violation. Here, where the tax misconduct came second, we have the reverse situation, but the principle is equally applicable.

In most cases involving failure to file convictions, which are misdemeanors, we have only reprimanded the attorney. *In the Matter of Disciplinary Proceedings Against Jarstad,* 74 Wis.2d 302, 246 N.W.2d 665 (1976); *State v. Jackson,* 74 Wis.2d 188, 246 N.W.2d 503 (1976). In tax evasion cases, however, we have imposed substantial periods of suspension; *State v. Kondos,* 66 Wis.

2d 119, 224 N.W.2d 211 (1974) ; *State v. MacIntyre,* supra, *State v. Cain,* supra.

In the instant case the crime involved is a felony rather than a misdemeanor, and thus closer to the tax evasion rather than the failure to file cases. We conclude that a period of suspension of six months is appropriate.

It is ordered and adjudged that Sydney M. Eisenberg be suspended from the practice of law in this state for a period of six months from the entering of this order and for such additional period thereafter as shall expire before his license is restored. Reinstatement is conditioned upon the payment of the costs of these proceedings to the clerk of this Court not to exceed $2,000 and compliance with Rule 9 of the Rules Governing Discipline of Attorneys.

It is further ordered that the State Bar of Wisconsin notify the courts of record of this order by sending a copy to each.

It is further ordered that Sydney M. Eisenberg notify his clients that his license to practice law in this state is suspended.

ABRAHAMSON and CALLOW, JJ., took no part.