IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Sydney M. EISENBERG, Attorney at Law.

Supreme Court

*No. 76–108–D. Submitted on briefs April 2, 1980.—
Decided May 6, 1980.*
(Also reported in 291 N.W.2d 565.)

For Sydney M. Eisenberg the cause was submitted on the briefs of *Ray T. McCann* of Milwaukee.

For the Board of Attorneys Professional Responsibility the cause was submitted on the brief of *Robert H. Bichler* of Racine.

*PER CURIAM.* Following his conviction in federal court on three felony counts of willfully making and subscribing a false individual income tax return, Sydney Eisenberg's license to practice law was suspended on

November 30, 1977, by court order for a period of six months "and for such additional period thereafter as shall expire before his license is restored." 81 Wis.2d 175, 182, 259 N.W.2d 745 (1977). On June 1, 1978, Eisenberg petitioned for reinstatement, and the matter was considered by both the District 2 Professional Responsibility Committee and the Board of Attorneys Professional Responsibility (Board). Both bodies recommended that his license not be restored on the grounds that he did not demonstrate a proper understanding of and attitude toward appropriate bar standards, that he was not rehabilitated or repentant with respect to the conduct which led to his suspension and that he refused to acknowledge that he had responsibility with respect to the facts leading to his conviction and had not indicated any significant change in his method of doing business to avoid further problems.

The District Committee made a finding that Eisenberg held himself out to the public as an attorney during the period of his suspension, based largely on the fact that he continued to occupy the same office that he had occupied as a lawyer during the previous 30 years and that the office was continued to be used as a law office by his former law partner. However, neither the District Committee nor the Board, which subsequently adopted this finding, based its recommendation for non-reinstatement on Eisenberg's having practiced law while his license was suspended.

The court was of the opinion that the recommendation for denial of reinstatement was not justified on the grounds specified, but we were concerned that, based on the findings, Eisenberg might have engaged in the practice of law during the period of suspension. On August 1, 1979, we referred the petition for reinstatement to the Hon. John Fiorenza as referee, for whom the Hon. W. L. Jackman was later substituted, for a hearing on

the question of whether Eisenberg complied with the court's order of suspension and with the provisions of sec. 757.287, Stats., and the Board procedures which proscribe specified activities for a person whose license to practice law is suspended or revoked. Following that hearing, the referee filed his report on November 23, 1979, in which he recommended that the petition for reinstatement be denied on the ground that Eisenberg's appearance before the Wisconsin Insurance Commission in 1979 on an appeal of the cancellation of a fire insurance policy covering real estate owned by a corporation of which Eisenberg was president and sole stockholder constituted the practice of law. He rejected the District Committee's and the Board's finding that Eisenberg's continued occupancy of his former law office and related activity indicated any practice of law.

The referee stated that his recommendation for denial of reinstatement was compelled by his finding of this single instance of Eisenberg's practice of law during the suspension period, but he suggested that the court consider modifying his recommendation for two reasons: the original suspension was for a six-month period and almost two years had passed since that suspension was ordered; Eisenberg believed that by announcing to the examiner that he was not appearing as an attorney in the proceeding before the Insurance Commission examiner he was not actually practicing law, and thus the violation of the terms of suspension appeared to be the result of neglect rather than an intentional act.

Eisenberg appealed from the referee's report on November 21, 1979, and briefs on his behalf have been filed by Attorney Ray McCann and a brief on behalf of the Board has been filed by Attorney Robert Bichler.

The applicable rule, SCR 11.04(2), formerly sec. 757.-287(2), Stats., provides:

"A suspended or disbarred lawyer during his or her suspension or disbarment may not engage in any law work activity, except for a commercial employer not itself engaged in the practice of law. Law work activity shall include, in the case of a suspended or disbarred attorney, matters associated with the practice of law, notwithstanding the fact that the work may customarily be done by law students, law clerks or other paralegal personnel."

A similar prohibition is set forth in the Board procedures, SCR 22.26(2): "A suspended or disbarred attorney may not engage in the practice of law or in any law work activity customarily done by law students, law clerks or other paralegal personnel." The burden is on the petitioner to "demonstrate by clear and convincing evidence full compliance with the terms of the order for discipline and the requirements of SCR 22.26." SCR 22.-28(6).

The sole issue in this appeal is whether Eisenberg's appearance in the proceeding before the Insurance Commission examiner constituted the practice of law and, consequently, a violation of the terms of his suspension. The referee found evidence showing that Eisenberg prepared and signed as president of Knapp St. Realty Corporation an appeal to the Insurance Commissioner from a fire insurance policy cancellation, that the appeal was in writing and dated March 19, 1979, that at the hearing held on the appeal before the hearing examiner on August 30, 1979, when asked by the examiner whether he was appearing for the corporate appellant, Eisenberg replied, "Yes, I am president of it. . . . To make the record clear, I am not appearing for anybody but myself as President of the corporation which is involved here. I have no attorney. I am speaking for myself." At that hearing Eisenberg called witnesses and examined them.

Even though the referee found that Eisenberg never represented that he was an attorney or purported to act

in that capacity, nor was there evidence that he acted with the expectation of any compensation except that which he might derive as a stockholder in the event of success on appeal, and that any legal advice he gave to the corporation was incidental to his ordinary business in management of the corporation, the referee was of the opinion that this appearance constituted the practice of law. He cited as authority for this opinion sec. 757.-30(2), Stats., which provides, in pertinent part, "Every person who . . . renders any legal service for any other person, or any firm, copartnership, association or corporation, shall be deemed to be practicing law within the meaning of this section."

The referee stated the majority rule, which Wisconsin follows, that an appearance by a layperson on behalf of a corporation before an administrative agency in a contested matter involving the rights of the corporation is the practice of law, and he found that the matter before the Insurance Commission examiner involved such an appearance. *See,* 19 A.L.R.3d 1073 (1968). The referee noted that the Wisconsin statutes contain no express permission for the appearance by a layperson before the Wisconsin Insurance Commission, although sec. 102.17(1)(c) does authorize such an appearance before the Department of Industry, Labor and Human Relations in worker's compensation cases. He acknowledged our holding in *State ex rel. State Bar v. Keller,* 16 Wis. 2d 377, 114 N.W.2d 796 (1962), *vacated and remanded on other grounds,* 374 U.S. 102 (1963), that a state agency's acquiescence in the appearance of a person before it has no effect on the consequences of such an appearance to an individual who is not authorized to practice law.

The petitioner-appellant argues that he did not practice law by appearing before the hearing examiner, but he

cites no relevant authority for that position. His unsupported contention is that because he explicitly stated at the hearing that he was not appearing as an attorney but only as an individual, because the hearing examiner did not object to his making such an appearance, and because no one was misled and no wrongdoing was committed, his conduct did not amount to the practice of law.

The Board agrees with the statement of applicable law and the application of that law to the facts as set forth in the referee's report. In addition, the Board reiterates its previous recommendation that the reinstatement of the petitioner-appellant's license be denied on the ground that he continues to show the lack of a proper understanding of and attitude toward the standards that are imposed on members of the bar, specifically as regards truthfulness. This issue involves the petitioner-appellant's refusal to admit the wrongdoing which led to the suspension; it was not referred to the referee for his consideration and is not properly part of this appeal. Nevertheless, on this issue the referee stated, "We do not believe that his understanding and attitude are such as to prevent him from reinstatement."

We agree with the referee's findings and conclusions as to the petitioner-appellant's violation of the court's suspension order by engaging in the practice of law before the Wisconsin Insurance Commission. We turn now to the question of whether the referee's recommendation for denial of reinstatement should be modified, in light of his suggestion that such denial might work an unjustifiably harsh result. Although he felt constrained to recommend denial of reinstatement, the referee was of the opinion that Eisenberg did not know that his appearance constituted the practice of law and did not intentionally violate the terms of his suspension.

Eisenberg's failure to ascertain beforehand the legal effect of an appearance before the hearing examiner

does not excuse his conduct. We feel, however, that a denial of reinstatement of his license to practice law, which under our rules would prevent him from again petitioning for reinstatement for one year, SCR 22.28 (8), would be too severe.

Therefore, we order the license of Sydney Eisenberg to practice law in Wisconsin reinstated effective June 1, 1980, provided he pay to the Board of Attorneys Professional Responsibility the costs of the original disciplinary proceeding in the amount of $2,000 and the costs of this reinstatement proceeding in the amount of $3,397.63 on or before May 30, 1980. In the event these costs are not paid within the time specified, the license of Sydney M. Eisenberg to practice law in Wisconsin shall remain suspended until further order of the court.

We have not considered the material contained in the petitioner-appellant's motion filed on March 24, 1980, to supplement the record and in the affidavits filed in connection with that motion. The motion is denied.

ABRAHAMSON, J., did not participate.