Luis GALANG, M.D., Plaintiff-Appellant,†

v.

State of Wisconsin MEDICAL EXAMINING BOARD,
Defendant-Respondent.

Court of Appeals

*No. 91-1541. Submitted on briefs March 20, 1992.—Decided
April 16, 1992.*

(Also reported in 484 N.W.2d 375.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Steven L. Miller* of *Zuidmulder, Appel & Gammeltoft, S.C.,* of Green Bay.

For the defendant-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general, and *William H. Wilker,* assistant attorney general.

Before Eich, C.J., Dykman and Sundby, JJ.

EICH, C.J. Dr. Luis Galang appeals from an order affirming a decision of the Medical Examining Board revoking his license to practice medicine for unprofessional conduct based on his conviction for drug law violations. The issues are: (1) whether the board violated Galang's due process rights when it declined to consider the circumstances surrounding the criminal convictions that formed the basis for the disciplinary action against him; and (2) whether the board abused its discretion when it selected license revocation as the sanction to be applied. We reject Galang's arguments and affirm the order.

Galang pled no contest to four misdemeanor counts of aiding and abetting the unlawful possession of controlled substances in violation of the Uniform Controlled

Substances Act. Section 161.41(3), Stats. He was convicted and fined $3,500. A complaint was then filed with the Medical Examining Board based on the convictions. A hearing officer found that Galang had engaged in unprofessional conduct under sec. 448.02(3), Stats., and Wis. Adm. Code sec. MED 10.02(2)(r)[1] and recommended that his license to practice medicine be revoked. The board adopted the hearing officer's decision and recommendation and Galang appealed to the circuit court.

While the circuit court action was pending, Governor Thompson pardoned Galang for his crimes, and the circuit court remanded the matter to the board for reconsideration of its decision in light of the pardon. The hearing officer again determined that the criminal convictions constituted unprofessional conduct and recommended that Galang's license be revoked. The board agreed, and the circuit court affirmed the board's order.

Galang first argues that the hearing officer violated his "due process rights to present evidence and subpoena witnesses" by not considering the facts and circumstances surrounding his drug convictions in determining whether he was guilty of unprofessional conduct. We disagree.[2]

---

[1]As we discuss in greater detail *infra,* the statute and rule include violation of ch. 161, Stats., in the definition of "unprofessional conduct."

[2]We consider Galang's argument to be one for violation of procedural due process rather than substantive due process—that the board did not properly follow the procedures due him in refusing to consider certain evidence.

Even if we were to read Galang's argument as one for violation of substantive due process—that the board's decision was arbitrary or capricious—we believe this issue is addressed in our discussion of Galang's abuse of discretion argument, *infra.*

Under sec. 448.02(3)(c), Stats., the board has broad authority to discipline a licensee who has been found guilty of unprofessional conduct. "Unprofessional conduct" is defined by sec. 448.01(11), Stats., as "those acts or attempted acts of commission or omission defined as unprofessional conduct by the board . . . *and any act by a physician . . . in violation of ch. 161*" (emphasis added); Wis. Adm. Code sec. MED 10.02(2)(r) is to the same effect. As indicated, Galang was convicted of four counts of violating ch. 161.

Section 448.01(11), Stats., is free from ambiguity. The legislature has plainly stated that a violation of ch. 161 is unprofessional conduct *per se*. Thus, the board did not violate Galang's procedural due process rights—or in any way abuse its discretion—when it found him guilty of unprofessional conduct based on his conviction of four counts of violating ch. 161 without considering the underlying factual circumstances of the convictions.[3]

Galang next argues that the board abused its discretion when it selected revocation as a disciplinary sanction without, again, "examining the circumstances surrounding the convictions to obtain a clearer picture of how the convictions occurred." Here, too, we disagree.

In reviewing an administrative agency's exercise of discretion, we may not substitute our judgment for that

---

[3]Galang also argues that the board should have considered the circumstances surrounding the crimes before concluding that the convictions were "substantially related" to the licensed activity. We agree with the board that there is no need to explore "the nexus between the criminal act and the licensed activity" since the legislature has already established, as a matter of law, that a violation of ch. 161 is unprofessional conduct.

of the agency, and we may reverse only if the agency failed to exercise its discretion or if it exercised its discretion in violation of the law or agency policy or practice. Section 227.57(8), Stats.

A court—or in this case, an administrative agency—exercises discretion when it considers the facts of record and reasons its way to a rational, legally sound conclusion. *McCleary v. State,* 49 Wis. 2d 263, 277, 182 N.W.2d 512, 519 (1971). It is "a process of reasoning" in which the facts and applicable law are considered in arriving at "a conclusion based on logic and founded on proper legal standards." *Shuput v. Lauer,* 109 Wis. 2d 164, 177-78, 325 N.W.2d 321, 328 (1982). And where the record shows that the agency looked to and considered the facts of the case and reasoned its way to a conclusion that is (a) one a reasonable tribunal could reach, and (b) consistent with applicable law, we will affirm the decision even if it is not one with which we ourselves would agree. *Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20-21 (1981).

The board has broad discretionary authority to discipline a licensee found guilty of unprofessional conduct, and license revocation is one of the available disciplinary options. Section 448.02(3)(c), Stats. The purpose of any such disciplinary action is to promote the licensee's rehabilitation, to protect the public and to deter other licensees from engaging in similar conduct. *State v. Aldrich,* 71 Wis. 2d 206, 209, 237 N.W.2d 689, 690 (1976).

In its decision, the board explained that revocation of Galang's license was necessary for just such reasons.

> A major[ ] aspect of a physician's practice includes the prescribing, or dispensing, of drugs

which have been regulated on both the federal and state levels as controlled substances. The control and regulation of these substances is necessitated by virtue of the inherent danger of abuse and possible addiction through indiscriminate prescription and use. A physician, by virtue of his medical licensure, has access and control as to patient distribution of such medications. This authority must clearly be exercised within lawful discretion and for proper medical purposes in order to protect the public's health and safety.

. . ..

[A] physician's conviction for crimes involving the criminal prescribing or distribution of controlled substances raises grave concerns as to the physician's intent or ability to practice medicine consistent with the public interest . . .. [S]trong action is necessary in order [for the board] to adequately express its disapproval of such conduct and to apprise other physicians of the specific action likely should they engage in similar conduct.

After determining that Galang was guilty of unprofessional conduct because he violated ch. 161, Stats., the board exercised its discretion in choosing among the available sanctions. Its decision to select license revocation, one of many options open to it, was well-explained, based on appropriate factors and reasonable. It was thus a sustainable exercise of discretion and we may not substitute our judgment for that of the board. Section 227.57(8), Stats.[4]

*By the Court.*—Order affirmed.

[4]Finally, we note our agreement with the board's statement

that although the "particular circumstances of the crime of violating chapter 161 may have relevance when Dr. Galang reapplies for licensure," they "are irrelevant when considering the [b]oard's duty to deter other practitioners from similar errant practice."