STATE, Plaintiff, v. HILDEBRAND, Defendant.

*No. State 74.   Argued September 9, 1970.—Decided October 6, 1970.*
(Also reported in 179 N. W. 2d 892.)

For the plaintiff there was a brief and oral argument by *Rudolph P. Regez* of Monroe, counsel for the Board of State Bar Commissioners.

No brief or appearance for the defendant.

PER CURIAM. The defendant, Fred W. Hildebrand, is a member of the Wisconsin Bar and formerly was a resident of Sheboygan, Wisconsin. He was admitted to the Wisconsin Bar in 1952, after graduation from the University of Wisconsin Law School. After admission he opened an office in Sheboygan and continued practicing in that city until sometime after October 2, 1969, when his office was closed and he moved to Sacramento, California. Mr. Hildebrand is forty-one years old.

The alleged misconduct of the defendant can best be described by reviewing each count and the findings of the referee.

## Count I.

A complaint against the defendant charging unprofessional conduct was filed with this court on May 16, 1966, and served on him on May 27, 1966; that thereafter a hearing thereon was held before Honorable ELTON J. MORRISON, referee, who found him guilty of unprofessional conduct; that this court on July 30, 1967, approved the referee's findings and adopted his recommendations as to the same and entered a judgment wherein the defendant was severely reprimanded for his conduct and ordered to pay the costs of the proceedings in the amount of $2,555.96; that of said amount the sum of $1,000 was to be paid by July 13, 1967, and the balance within six months from July 13, 1967; that defendant is in default under said judgment in that he

has paid only $1,000 of the costs imposed and that there is a balance due of $1,555.96.

The referee found that this default is a direct violation of the judgment of the court and that in itself, without explanation, indicates the contempt of this said judgment which amounts to unprofessional conduct.

## Count II.

Plaintiff alleges, on information and belief that Dorothy L. Anderson of 1212-A Erie Avenue, Sheboygan, Wisconsin, consulted with defendant relative to an injury which she had sustained on March 28, 1968, while employed at National Plasticrafters of Sheboygan, Wisconsin; that Miss Anderson, on or about April 3, 1969, received a check from Liberty Mutual Insurance Company, her employer's workmen's compensation insurer, in the amount of $940.80, said check being workmen's compensation due her for the period from September 23, 1968, through February 9, 1969; that on or about May 1, 1969, Miss Anderson delivered said check to defendant who instructed her to endorse it and told her that he would send it to Milwaukee; that defendant, at the time he received said check, gave his client the sum of $150; that thereafter she made repeated demands upon him for a refund of her money and a settlement of her workmen's compensation claim; that defendant did refund to her certain amounts in cash, the total amount returned to her, including the $150 paid at the time she delivered the same to defendant, being approximately $450, but failed to account for the balance of the funds; that defendant advised Miss Anderson on August 9, 1969, that the check had cleared the Milwaukee bank and that if she would call at his office at 7 p. m., on August 11, 1969, he would refund the balance to her; that she endeavored to see defendant at said time but that he was not at his office and that

since said time she has been unable to see him; that defendant has converted such funds to his own use.

The referee found that this transaction amounted to an embezzlement of money.

### Count III.

Plaintiff alleges on information and belief that Leo Davenport of Sheboygan, Wisconsin, retained defendant in the year 1965 relative to certain financial problems; that the said Leo Davenport paid defendant a total of $375 and received receipts from defendant as follows:

| | | |
|---|---|---|
| $100 | September 25, 1965 | "On Account of Amortization"<br>/s/ Fred W. Hildebrand |
| $150 | October 1, 1965 | "On Account of Amortization"<br>/s/ Fred W. Hildebrand |
| $ 25 | January 4, 1966 | "On account of fees"<br>/s/ Fred W. Hildebrand |
| $100 | January 4, 1966 | "On Account of Amortization"<br>/s/ Fred W. Hildebrand; |

that although defendant received a total of $375 from Leo Davenport he failed to institute any bankruptcy proceedings or wage amortization plan in his behalf; that repeated demands were made upon defendant for restitution; that on February 23, 1968, the defendant issued to Davenport his check for $200, but that when said check was presented for payment, payment was refused for the reason that the account on which it was drawn did not contain sufficient funds with which to pay the same.

This matter was discussed with Hildebrand at a meeting of the Board of State Bar Commissioners held on December 19, 1968, at which time he was instructed to take immediate action to make good the bad check he

had issued. However, this has not been done to this date.

### Count IV.

Plaintiff alleges on information and belief that on May 20, 1969, Edna Wodach retained defendant as attorney for the estate of her deceased husband, William Herman Wodach; that Mrs. Wodach paid defendant the sum of $500; that payment of said amount was made by a check drawn on Mrs. Wodach's account in the First Security National Bank, Sheboygan, Wisconsin, which check was dated June 4, 1969, and was cashed by defendant on that date; that at the initial interview with defendant decedent's last will and testament, which had been prepared by defendant, was delivered to him; that defendant instituted no proceedings for the probate of the Wodach will nor did he institute any other proceedings in connection with said estate; that Mrs. Wodach retained other counsel who instituted summary proceedings for the settlement of the Wodach estate, which proceedings were concluded on September 2, 1969; that Mrs. Wodach's total distributive share from said estate was $5,597; that Honorable JOSEPH W. WILKUS, County Judge of Sheboygan county, Wisconsin, issued an order under date of September 3, 1969, requiring that defendant deposit with the register in probate for Sheboygan county the sum of $500, within five days from the date of the order, and further ordering that defendant be relieved of all and any right, interest or standing in the Wodach estate and also providing that in the event of defendant's failure to comply with the order to restore said funds that he show cause on the tenth secular day following service of the order why he should not be held in criminal contempt; that defendant did not comply with the terms of the court order of September 3, 1969, but did, on September 17, 1969, deposit $500 with the register in probate.

The referee found that the sum of $500 would have been clearly unconscionable in amount; that the defendant took the amount received and used it without giving any services whatsoever; that the money was not deposited with the register in probate until September 17, 1969, over three months after defendant had received it.

## Count V.

Plaintiff alleges on information and belief that on January 10, 1968, Salamon Capetillo of 1619 North 38th Street, Sheboygan, Wisconsin, employed defendant as his attorney, at which time he paid defendant the sum of $450 and was given a receipt, which receipt recited "On account of Divorce, Wills, Affidavit re realty, Adoptions and change of names;" that the said Salamon Capetillo employed defendant for the purpose of instituting a divorce proceeding in his behalf; that defendant instituted no divorce proceeding and has failed to account to the said Salamon Capetillo for the cash which he received; that one Richard Reys, in behalf of Salamon Capetillo, did, in Judge BUCHEN'S chambers on September 5, 1969, make formal demand on the defendant for the Capetillo file and an accounting of the moneys paid by Capetillo to Hildebrand and that at said time and place defendant promised that he would immediately contact Capetillo setting an appointment date, but that he has failed to do so.

The referee found that no service of any kind was performed by the defendant for Mr. Capetillo, except the drafting of the will. He also found that no refund of any money was made to Mr. Capetillo.

## Count VI.

Plaintiff alleges on information and belief that defendant was employed by Emilie Leizen, guardian of

Sophie Bauer, an incompetent; that during the month of February, 1968, defendant received the sum of $500 belonging to said incompetent and subsequently received an additional $1,000 belonging to said incompetent; that he failed to account for the same until after complaint against him was filed with the Sheboygan County Bar Association.

The referee found that defendant failed to account for the $1,500 until the Sheboygan County Bar Association directed the defendant to turn over the $1,500 to Mrs. Leizen, the general guardian.

### Count VII.

Plaintiff alleges on information and belief that the defendant was attorney for the personal representative of the David J. Mueller estate filed in the county court for Sheboygan county, Wisconsin; that the personal representative of said estate paid to defendant the sum of $775 during the latter part of the year 1968 for the express purpose of paying a claim against said estate in favor of Drs. Ullrich and Berglend of 811 East Wisconsin Avenue, Milwaukee, Wisconsin; that the defendant failed to forward said funds to claimants until February 7, 1969, at which time he sent a check for $775 in payment of their claim, which check was returned marked "Account closed;" that defendant did not refund said moneys until Mrs. David J. Mueller employed the law firm of Kalchthaler & Kalchthaler of Sheboygan, Wisconsin, for the purpose of effecting a recovery of the same.

The referee found that defendant did not account for the $775 he received to pay a claim against the Mueller estate until Mrs. Mueller retained counsel to recover the money from the defendant.

### Count VIII.

Plaintiff alleges on information and belief that defendant commingled money of a client with his own and

failed to deposit such funds in a "clients' funds account" or "trust funds account" contrary to the provisions of sec. 256.293, Stats., created by supreme court order adopted January 25, 1962, and effective July 1, 1962.

The referee found that in three of the above four matters the defendant did not deposit the various sums of money in any trust fund or clients' fund account but converted the funds to his own use, contrary to sec. 256.293, Stats.

The defendant did not appear at the hearing and, except for the formal denials in his answer to the complaint, the evidence stands uncontradicted.

The defendant was before this court in 1967 in a disciplinary proceeding under circumstances very similar to the present one. Almost immediately after being reprimanded by this court the defendant relapsed into the same pattern of conduct which he had previously followed.

We have duly considered the entire record of these proceedings. We conclude that the findings of the referee are supported by the evidence and we adopt the same.

When determining the quantum of discipline warranted by such misconduct, the fact that the defendant has been disciplined by this court on a prior occasion is a consideration which this court cannot ignore. *State v. MacIntyre* (1969), 41 Wis. 2d 481, 164 N. W. 2d 235. Thus, from the nature of the misconduct in this case, coupled with the fact of prior discipline involving similar charges, it is imperative that the defendant's license be revoked.

The defendant, in his motion to set aside the referee's findings points out that he was refused appointed counsel and, being indigent, was therefore unable to present a defense.

The state, in its response to defendant's claim of right to appointed counsel, takes the position that the interest in jeopardy, namely, a license to practice law, is a

privilege, not a right, and that the proceeding is civil, not criminal; therefore, due process does not require that defendant be represented by counsel.

Sec. 256.28 (12), Stats., clearly denominates disbarment actions as "civil" and sec. 957.26 provides for appointment of counsel for indigents only when they are charged with a crime.

It is ordered and adjudged that the license granted to Fred W. Hildebrand to practice law in the state of Wisconsin be and the same is hereby revoked and annulled for due cause and that his name be removed from the roll of attorneys of this court; that the State Bar of Wisconsin notify the courts of record of this order by sending each a copy thereof; that the defendant pay the costs and expenses of this proceeding, but not to exceed a maximum of $1,000.