IN MATTER OF DISCIPLINARY PROCEEDINGS AGAINST AVERY, Attorney at Law.

No. 76–256–D. Submitted October 14, 1977.—
Decided November 1, 1977.
(Also reported in 258 N. W. 2d 845.)

For Charles Avery: *Leonard F. Schmitt* of Merrill.
For Board of State Bar Commissioners: *Roy S. Wilcox* of Eau Claire.

*PER CURIAM.* This is a disciplinary proceeding against Charles Avery, an attorney in Antigo, Wisconsin, initiated by a complaint filed by the Board of State Bar Commissioners. It comes before the Court upon a stipulation of facts, briefs filed by both parties, and an affidavit by Avery. There has been no hearing before a referee, and the Board makes no recommendation as to what penalty, if any, should be imposed upon Avery.

Avery was admitted to practice before this Court in 1950. For at least six years prior to 1973, he served as district attorney and family court commissioner of Langlade County, both of which positions are part time. In July, 1973, in response to a complaint, the State Bar investigated Avery's handling of estates. It found that on July 16, 1973, he was attorney of record in sixty-seven pending estates which were more than three years old. Under a supervisory program worked out with the State Bar and its district grievance committee, Avery closed thirty-eight of the sixty-seven estates between July 16 and November 9, 1973. As of July 15, 1975, Avery had fifty-seven pending estates which were more than one year old, thirty-nine of which were over three years old, and thirteen over ten years old.

Avery appeared before the Board of State Bar Commissioners on July 26, 1975, and advised the Board that he had closed his office to all new business and would close all of his delinquent estates within ninety days. He again appeared before the Board in January, 1976 and promised to close the remainder of the estates by April, 1976; in June, 1976, he stated to the Board that all estates would be closed by August, 1976. According to the stipulation filed with the Court, Avery had in December, 1976, six open estates, four of which were more than ten years old. By January 31, 1977, according to the affidavit filed by Avery, he had only three open estates,

two of which were over ten years of age, with one of the latter being the estate of his father.

On March 15, 1977 this Court issued an order staying the imposition of discipline for six months and directing the Board to report to the Court the status of the remaining open cases. The Board filed a report on October 14, 1977, stating that all of the estates were closed except one, and in that estate closing was delayed awaiting the receipt of funds for the sale of stock in Europe.

Avery argues that his delay in the handling of estates is excusable because many of the old estates were inherited from his father, and this made them difficult to close, and because of his responsibilities as district attorney and family court commissioner. We cannot accept these arguments as justifying the delays involved here. Even over three and one-half years after resigning his public positions, he still has not closed all of the estates, and he did not live up to his repeated representations to the Board of Bar Commissioners that all of the estates would be closed by specific dates. In any event, the fact that an attorney holds public office does not excuse his failure to represent his clients properly.

Under the circumstances of this case, we believe that it is sufficient to reprimand Avery, and not impose any suspension. Avery has, in fact, closed his office to new business in 1976, and has limited his practice to winding up pending matters.

We find Charles Avery to be guilty of professional misconduct in neglecting legal matters entrusted to him, in violation of Disciplinary Rule 6–101(A)(3) of the Code of Professional Responsibility.

IT IS ORDERED AND ADJUDGED that Charles Avery be and is hereby reprimanded for having engaged in professional misconduct.

ABRAHAMSON, J., took no part.