IN MATTER OF DISCIPLINARY PROCEEDINGS AGAINST MAZZA, Attorney at Law.

*No. 76–476–D. Submitted February 9, 1978.—*
*Decided March 7, 1978.*
(Also reported in 262 N.W.2d 767.)

*Robert H. Bichler* of Racine for Board of State Bar Commissioners.

*Thomas P. Maroney* of Milwaukee for Theodore F. Mazza.

*PER CURIAM:* This disciplinary action was commenced on March 3, 1977, by the filing of a complaint against Theodore F. Mazza, an attorney with an office in Waukesha. The complaint contained three claims for discipline. The Honorable Frances H. Wendt was appointed referee to try the issues and to report his findings and recommendations to this Court. Trial of the issues was held on June 22, 23, 29 and July 6, 1977, and on November 11, 1977, the referee filed his report and recommendations. The parties on February 9, 1978, filed a stipulation waiving their rights to filing objections to the report and recommendations of the referee, waiving their rights to file briefs or have oral argument in this Court, and agreeing that the Court may enter judgment

in accordance with the referee's report and recommendation. While we accept this stipulation, we do not consider that it binds this Court in reviewing the record and imposing such discipline as we consider appropriate under the circumstances.

The referee found that Mazza as to each of the claims for discipline had violated the Code of Professional Responsibility and he recommended that Mazza be found guilty of unethical and unprofessional conduct. As to the first claim for discipline the referee found that Mazza had abused the attorney-client relationship he had with Mrs. Rita LePak by obtaining funds from her for investment or loan purposes without disclosing his personal interest in the loans, by not making sure that valid security interests were obtained to protect her investment, by using funds obtained for investment purposes for personal business ventures, and by not repaying money when requested.

The second claim of discipline concerned the misuse of Mazza's trust account. The referee found that Mazza was "totally irresponsible in the handling of trust monies and his violations were in fact intentional." The referee cited seven instances in which Mazza made disbursements for personal purposes out of the account, 22 instances when he used trust account funds for his personal business purposes, 15 instances in which business or personal funds were deposited in the trust account, and four items which were received in trust but which were never deposited in the trust account.

The referee cited, as an example of how Mazza handled trust funds, the incident involving a personal injury claim of a Mrs. Dittman. Mazza retained some of the settlement proceeds to pay medical bills of Mrs. Dittman. Instead of paying the bills, he paid the money to himself. It was not until six or seven months later that Mazza, after repeated demands by the persons to whom the money was owed, paid the bills.

The referee found that Mazza in handling trust funds violated Disciplinary Rule 9–102 of the Code of Professional Responsibility and section 256.293, Stats.

The third claim for discipline was based on charges that Mazza neglected the work of his clients and failed to respond to their telephone calls. The referee described in detail seven examples of this type of conduct.

On the basis of the misconduct found by the referee, he recommended that this Court find Mazza guilty of unprofessional and unethical conduct on each of the three claims of misconduct. Upon a review of the report of the referee and in light of the stipulation of the parties, we do so find.

The referee also recommended that Mazza's license to practice law be suspended for a one year period and for such additional period as it may take for his license to be reinstated. He further recommended that the reinstatement of the license be conditioned upon Mazza paying the cost of these proceedings (a total of $6,016.50), that Mazza file a petition for reinstatement in accordance with the applicable rules, and that Mazza be required to demonstrate that he will not repeat the type of conduct of which he has been found guilty.

The report made by the referee, and the stipulation by the parties, we accept the findings of the referee on each claim for discipline. It is clear that Mazza has been guilty of professional misconduct in his representation of Mrs. LePak, in his handling of trust funds, and in neglect of the affairs of his clients, and that the imposition of discipline is necessary. In determining the type of discipline to be imposed we must keep in mind that the objective of these discipline proceedings is to protect the public. *State v. McNamara*, 68 Wis.2d 701, 229 N.W.2d 698 (1975).

The actions of Mazza as evidenced by the record in this case demonstrate that Mazza is unable to handle the

affairs of his clients in the manner required by the Code of Professional Responsibility. He has shown that he is not able to distinguish between his own funds and those of his clients. He has also shown that he does not understand the obligation of an attorney to complete the matters entrusted to him without undue delay, and to communicate with his clients as to the status of those matters. Until Mazza can prove that he can be entrusted with the affairs and funds of his clients he should not be permitted to practice law.

We agree with the referee that disbarment is not necessary in this case, but we do believe that Mazza's license to practice law should be suspended indefinitely. Mazza can file a petition for reinstatement in accordance with Rule 9 of the Rules Governing Enforcement of Attorneys Professional Responsibility, after the suspension has been in effect for one year. For his license to be reinstated, Mazza must show that he has paid $2,000 of the cost of these proceedings, and prove to the satisfaction of the Board of Attorneys Professional Responsibility and of this Court that he will not engage in the type of conduct of which he has been found guilty in this proceeding.

IT IS ORDERED AND ADJUDGED that Theodore F. Mazza is found guilty of professional misconduct.

IT IS FURTHER ORDERED AND ADJUDGED that Theodore F. Mazza's license to practice law be and is hereby suspended indefinitely. He may, after a period of one year from the effective date of the suspension, petition for reinstatement in accordance with Rule 9 of the Rules Governing Enforcement of Attorneys Professional Responsibility. Reinstatement is conditioned upon the payment of the costs of these proceedings not to exceed $2,000 and proof that he will not engage in the type of conduct of which he has been found guilty herein.

IT IS FURTHER ORDERED AND ADJUDGED that the Board of Attorneys Professional Responsibility notify the courts of record of this order by sending a copy to each.

IT IS FURTHER ORDERED AND ADJUDGED that Theodore F. Mazza notify his clients that his license to practice law in this State is suspended indefinitely.

ABRAHAMSON and CALLOW, JJ., took no part.