IN MATTER OF DISCIPLINARY PROCEEDINGS AGAINST ELLIOTT, Attorney at Law.

No. 76–625–D.—Decided June 6, 1978.
(Also reported in 266 N. W. 2d 430.)

*Roy S. Wilcox* of Racine for Board of State Bar Commissioners.

*Wilford W. Elliott* of Chilton, *pro se.*

PER CURIAM. The Board of State Bar Commissioners on May 2, 1977, filed a complaint against Wilford Elliott for professional misconduct. Elliott has been a member of the Bar of this state since 1962, and practiced in Chilton, Wisconsin. The Honorable Rodney Lee Young was appointed referee to make findings of fact, conclusions of law, and recommendations on discipline to be imposed by this Court.

The complaint of the Board of Bar Commissioners contained four counts. They charged Elliott with: (1) commingling clients' funds with his own; (2) failure to cooperate with the State Bar district grievance committee; (3) failure to handle promptly a probate matter; and (4) unprofessional conduct in obtaining the dismissal of a small claims case.

The first count involved the manner in which Elliott maintained the trust account for his clients' funds. The evidence showed and the referee found that Elliott deposited personal funds in the trust account and withdrew funds from the trust account for personal reasons. It also showed that Elliott withdrew funds from the trust account for the benefit of clients for whom no funds were on deposit. Funds belonging to one client were deposited in the account and, contrary to the instructions to leave the funds on deposit, were paid to a number of other persons to a point where the account had a negative balance. He subsequently failed to respond in a timely manner to a request to return the funds to the client and failed to render an accounting. Ultimately the money was repaid through a personal loan obtained by Elliott. On a number of occasions checks drawn on the trust acount were not honored because of insufficient funds in the account.

On the basis of these facts, the referee found that Elliott had violated his professional responsibilities. Elliott's conduct as to the trust account is a violation of both s. 256.293(1), Stats. and DR9-102(A) and (B) of the Code of Professional Responsibility.

The second count related to Elliott not giving information concerning his trust account to the State Bar district committee contrary to his promise to do so. The evidence showed, and the referee found, that Elliott had repeatedly failed to turn over requested information as to his trust accounts. This was a violation of State Bar Rule 10(3) as it then existed.

This is not the first time Elliott failed to cooperate in the State Bar discipline process as established by this Court. In 1971-72 he was reprimanded by the Board of State Bar Commissioners for this conduct.

The third count involved Elliott's handling of an estate. Elliott was removed as counsel for the personal representative by the probate judge after failing to take any action with regard to the estate for over a two year period. During this period Elliott was sent a warning letter by the probate judge but to no avail. His conduct was found by the referee to be negligent in handling the estate. His conduct was a violation of DR6-101(A)(3).

The referee found as to count IV, concerning the dismissal of a small claims action, that the evidence was not sufficient to prove the allegations. The Board of State Bar Commissioners does not challenge this finding.

On the basis of his findings, the referee recommends that Elliott be suspended from the practice of law for a period of four months and pay the costs of these proceedings not to exceed $500.

The Board of State Bar Commissioners has filed a brief urging that discipline be imposed at least as severely as that recommended by the referee. Elliott, despite repeated assurances to the clerk of this Court,

has not filed a brief concerning the recommendations of the referee.

On the basis of the findings of the referee, which we accept as being supported by the record, it is clear that Elliott has engaged in professional misconduct and should be disciplined. This Court has on many occasions imposed discipline for trust account violations and commingling of funds. *In the Matter of Disciplinary Proceedings Against Mazza,* 82 Wis.2d 598, 262 N.W.2d 767 (1978) (one year) ; *State v. Aldrich,* 71 Wis.2d 206, 237 N.W.2d 689 (1976) (six months) ; *State v. Stoveken,* 68 Wis.2d 716, 229 N.W.2d 224 (1975) (one year) ; *State v. McNamara,* 68 Wis.2d 701, 229 N.W.2d 698 (1975) (revocation for several items of misconduct) ; *State v. Hildebrand,* 48 Wis.2d 73, 179 N.W.2d 892 (1972) (revocation for several items of misconduct).

Discipline has also been imposed for failure to co-operate with discipline authorities. *State v. Kennedy,* 20 Wis.2d 513, 123 N.W.2d 449 (1963). It is significant here that Elliott was previously reprimanded for failure to cooperate with a district grievance committee.

The failure to handle an estate in a timely manner has been the basis for a number of disciplinary proceedings and has justified the imposition of discipline. *In the Matter of Disciplinary Proceedings Against Avery,* 80 Wis.2d 465, 258 N.W.2d 845 (1977).

The referee recommended that Elliott be suspended for a period of four months and pay the cost of these proceedings not to exceed $500. We believe that a period of suspension of six months is more appropriate, given the nature of Elliott's misconduct and the periods of suspension imposed in similar cases. We also take into

consideration the dilatory conduct of Elliott in these proceedings. Elliott did not answer the original complaint within the time set in the order to answer, but only after a motion for default judgment had been filed and submitted to the Court. Elliott has twice promised in telephone conversations with the clerk's office of this Court to file his brief within specific periods of time and did not do so. We believe this indicates a continuing lack of awareness of his professional responsibilities that should be corrected before he is permitted to handle the affairs of clients. Under section 20 of this Court's Procedures For the Board of Attorneys Professional Responsibility, an attorney who is suspended six months or more is not automatically reinstated but must file a petition for reinstatement to be acted upon by this Court. This procedure will require Elliott to show that he will comply with the obligations imposed upon an attorney before he can resume the practice of law.

IT IS ORDERED AND ADJUDGED that Wilford W. Elliott is found guilty of professional misconduct.

IT IS FURTHER ORDERED AND ADJUDGED that Wilford W. Elliott's license to practice law be and is hereby suspended for a period of six months and for such additional period until his license to practice law is reinstated pursuant to the Rules Governing Attorneys Professional Responsibility and the Procedures for the Board of Attorneys Professional Responsibility.

IT IS FURTHER ORDERED AND ADJUDGED that Wilford W. Elliott pay the costs of these proceedings not to exceed $500.

IT IS FURTHER ORDERED AND ADJUDGED that Wilford W. Elliott notify his clients that his license to practice law in this state is suspended.

IT IS FURTHER ORDERED AND ADJUDGED that the Board of Attorneys Professional Responsibility notify the courts of record of this order by sending a copy to each.