IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Theodore F. MAZZA, Attorney at Law.

Supreme Court

*No. 83-843-D. Submitted on briefs February 29, 1984.—*
*Decided March 27, 1984.*
(Also reported in 345 N.W.2d 492.)

For the appellant, Theodore F. Mazza, the cause was submitted on the briefs of *Theodore F. Mazza, pro se.*

For the Board of Attorneys Professional Responsibility the cause was submitted on the brief of *Daniel L. Shneidman,* Milwaukee.

*PER CURIAM.*   *Attorney disciplinary proceeding; attorney's license revoked.*

Theodore F. Mazza appeals from the referee's recommendation that his license to practice law in Wisconsin be revoked for unprofessional conduct which resulted in his March 16, 1982, conviction of conspiracy to commit theft, party to a crime. We agree with the referee that Mazza's criminal conduct warrants revocation of his license.

Mazza was admitted to the practice of law in June, 1965 and practiced in Milwaukee until his license was suspended by court order. On March 7, 1978, we indefinitely suspended Mazza's license for misuse of client

funds and neglect of legal matters. *Disciplinary Proceedings Against Mazza,* 82 Wis. 2d 598 (1978). Although our order provided that Mazza could petition for reinstatement of his license after a period of one year, he has not made application for reinstatement, and his license has remained suspended from the date of our order.

In this proceeding the facts are undisputed. Several men purportedly doing home improvement work for a Milwaukee homeowner set out to obtain money for work either not performed or not needed. While making questionable repairs to the homeowner's attic, they found approximately $1,000 in cash in a cigar box. They took the money and searched the home for additional cash.

Mazza entered the scheme after the "workers" tried to gain access to the homeowner's safe deposit box at a bank by obtaining his signature on power of attorney cards. They gave Mazza those cards and asked him to go to the bank and remove whatever valuables might be in the box. Because the cards had not been properly executed, the bank denied Mazza access to the box, and before corrected cards could be obtained, several of the participants in the scheme, including Mazza, were arrested. Following his conviction, the court placed Mazza on two years' probation, 50 days of which he was to serve on work release, and ordered him to pay $4,000 in restitution.

At the disciplinary hearing, Mazza, his wife and a psychiatrist testified concerning Mazza's personality problems which allegedly contributed to his criminal conduct, and they also testified that he had recovered from those problems. The referee, Attorney Robert P. Harland, noted that Mazza's criminal acts occurred in November and December of 1977, while he was the subject of the earlier disciplinary proceeding and after the referee in that proceeding had recommended a one-year

suspension of Mazza's license. Concluding that Mazza's prior suspension did not deter him from participating in criminal conduct, the referee recommended that his license be revoked for criminal activity constituting conduct involving moral turpitude, proscribed by SCR 20.04(3).

Mazza contends that a sanction less severe than revocation is appropriate because of his rehabilitation, evidenced by his work history since the 1978 suspension of his license. During that time, he advanced from car salesman to business manager of an automobile dealership, which he terms a position of trust. As further evidence of rehabilitation, he points to his successful completion of a one-year probation period prescribed by the Wisconsin Insurance Commissioner and his possession of a permanent insurance intermediary agent license since 1979. He also argues that license revocation is not necessary to protect the public because he has proven over the past five years that he can be trusted with other people's money.

In making his recommendation, the referee had the opportunity to observe Mazza, his wife and his psychiatrist testify as to Mazza's personality disorders and rehabilitation. Notwithstanding that testimony and irrespective of Mazza's earlier unprofessional conduct, the referee concluded that Mazza's criminal conduct itself warrants revocation of his license. We agree.

IT IS ORDERED that the license of Theodore F. Mazza to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that, prior to applying for reinstatement of his license under the applicable rules, Theodore F. Mazza pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $3,091.82.

CALLOW and CECI, JJ., took no part.