IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Charles B. AVERY, Attorney at Law.

Supreme Court

*No. 84–2300–D. Filed March 5, 1985.*
(Also reported in 363 N.W.2d 228.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Attorney Charles B. Avery to practice law in Wisconsin be suspended for six months for having neglected the probate of two estates and for failing to accurately and truthfully respond to inquiries of the Board of Attorneys Professional Responsibility (Board) investigating the matters. The referee also recommended that Attorney Avery pay the costs of the disciplinary proceeding. We determine that a six-month suspension of Attorney

Avery's license to practice law is appropriate discipline under the circumstances.

Attorney Avery was admitted to practice law in Wisconsin in 1950 and practiced in Antigo until 1978. He now resides in California and does not practice law. In 1977 Attorney Avery was publicly reprimanded for his neglect of legal matters. *Disciplinary Proceedings Against Avery,* 80 Wis. 2d 465, 258 N.W.2d 845 (1977).

In this proceeding Attorney Avery stipulated that he had neglected to complete the probate of two estates, one commenced in 1958 and the other in 1975. The circuit court for Langlade county removed him as attorney for those estates in November, 1983. The parties stipulated that Attorney Avery's conduct violated SCR 20.32 (3) and 20.35(1)(b). Attorney Avery also stipulated that between October 1979 and October 1981, the Board repeatedly requested him to complete and close the estates, and during that time Attorney Avery misrepresented that he was working on them and that they would be completed and closed. The parties stipulated that Attorney Avery thereby violated SCR 22.07(2).

The referee, the Honorable Rodney L. Young, Reserve Judge, made findings of fact and conclusions of law consistent with the stipulation of the parties, and he recommended, as the parties had stipulated, that Attorney Avery's license to practice law in Wisconsin be suspended for six months and that he pay the costs of the disciplinary proceeding. The referee further recommended that Attorney Avery be ordered to file with the Board administrator within 60 days of the date of this order satisfactory proof that he has delivered to the attorney appointed to complete the probate of the two estates all material and files in his possession concerning them. We accept the referee's findings and conclusions, and we determine that the recommended discipline is appropriate.

IT IS ORDERED that the license of Charles B. Avery to practice law in Wisconsin is suspended for a period of six months, commencing April 1, 1985.

IT IS FURTHER ORDERED that Attorney Charles B. Avery comply with the provisions of SCR 22.26 concerning the requirements of a person whose license to practice law in Wisconsin has been suspended.

IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Charles B. Avery pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $1,181.35, provided that if the costs are not paid within the time specified and absent a showing by Attorney Avery of his inability to pay those costs within that time, the license of Attorney Charles B. Avery to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Charles B. Avery file with the Board of Attorneys Professional Responsibility satisfactory proof that he has delivered to the attorney for the two estates which were the subject of this proceeding all material and files in his possession concerning them, provided that if satisfactory proof is not filed within the time specified and absent a showing of his inability to do so, the license of Attorney Charles B. Avery to practice law in Wisconsin shall be suspended until further order of the court.

ABRAHAMSON, J., did not participate.