IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Wilford W.
ELLIOTT, Attorney at Law.

Supreme Court

*No. 85-1043-D. Submitted on briefs September 5, 1986.—Decided
October 14, 1986.*

(Also reported in 394 N.W.2d 313.)

For the appellant, Board of Attorneys Professional
Responsibility, there was a brief by *Francis J. Slattery,*
Oshkosh.

For the respondent, Wilford W. Elliott, there was a
brief by *Robert J. Vanderloop,* Oshkosh.

PER CURIAM. *Attorney disciplinary proceeding;
attorney's license revoked.*

The Board of Attorneys Professional Responsibility
(Board) appealed from the referee's recommendation
that the license of Wilford W. Elliott to practice law in
Wisconsin be suspended for two years as discipline for

misconduct. That misconduct consisted of Attorney Elliott's having improperly influenced the testimony of his client during cross-examination at trial and his having commingled trust monies with his office account and converted those funds to his own use. The Board took the position that the misconduct, in light of prior discipline imposed on Attorney Elliott, warrants the revocation of his license to practice law. We agree.

Attorney Elliott was licensed to practice law in Wisconsin in 1962 and practices in Chilton. In 1978 the court suspended his license to practice law for six months as discipline for commingling clients' funds with his own, for failing to cooperate with the local district grievance committee, and for failure to promptly handle a probate matter. *Disciplinary Proceedings Against Elliott*, 83 Wis. 2d 904, 266 N.W. 2d 430 (1978). The referee in the instant proceeding is the Honorable James Martineau, reserve judge.

Neither the facts found nor the conclusions of law made by the referee in this proceeding are in dispute. During a jury trial in October, 1982, Attorney Elliott communicated affirmative and negative signals to his client while the client was being cross-examined. The trial judge subsequently held a hearing, found Attorney Elliott in contempt, declared a mistrial, and imprisoned Attorney Elliott and his client for 12 hours and fined them $500. The referee concluded that Attorney Elliott's conduct in this matter violated SCR 20.36(1)(g), which prohibits a lawyer from counseling or assisting a client in conduct the lawyer knows to be illegal or fraudulent, and SCR 20.40(3)(g), prohibiting a lawyer from intentionally or habitually violating any established rule of procedure or evidence.

In another matter, in 1983, Attorney Elliott was retained to represent a client in a personal injury matter. That matter was settled for $14,900, which amount was paid by three insurers. Attorney Elliott deposited one of the settlement checks, in the amount of $1,000, into his general office account rather than his trust account, and he used the funds for his own purposes. That client left $6,350 of the insurance settlement with Attorney Elliott to be used to pay the client's indebtedness to a company. Instead, Attorney Elliott deposited those monies into his general office account and issued checks converting those funds to his own use. Attorney Elliott eventually reimbursed his client for the funds he converted, but only after a criminal charge was issued against him alleging felony theft of the trust monies. The referee concluded that Attorney Elliott's conduct violated SCR 11.05(1) and (2), prohibiting an attorney from commingling trust funds with his own, SCR 20.04(4), prohibiting conduct involving dishonesty, fraud, deceit or misrepresentation, and SCR 20.50(1) and (2), requiring attorneys to deposit client funds in trust accounts.

With respect to the issue of appropriate discipline for Attorney Elliott's misconduct, the Board argued that the purposes of attorney discipline, namely, to protect the public, to rehabilitate the lawyer, and to deter other attorneys from like conduct, will not be served by anything less than the revocation of Attorney Elliott's license to practice law. Noting that Attorney Elliott was previously disciplined for commingling client funds, the Board contended that the license suspension imposed in that case obviously was insufficient to rehabilitate him. The Board also argued that the repetition of the misconduct shows a serious need for strict disciplinary mea-

sures in order to protect the public from further misconduct by Attorney Elliott. Finally, the Board took the position that nothing short of license revocation will put other attorneys on notice of the seriousness of commingling and converting client funds.

For his part, Attorney Elliott argued that the two-year suspension recommended by the referee is sufficient to ensure his rehabilitation prior to reinstatement for the reason that, in order to have his license reinstated following the suspension, he will have to establish, pursuant to SCR 22.28(3), that he has been rehabilitated. Attorney Elliott also contended that the recommendation of the referee, who had the opportunity to observe him testify at the disciplinary proceeding and who heard the evidence presented at that hearing, is entitled to great weight.

We find Attorney Elliott's arguments unpersuasive. This is the second time Attorney Elliott has been found to have commingled client funds. It is evident that the prior discipline was insufficient to rehabilitate him, notwithstanding that he was required by SCR 22.28 to establish his rehabilitation prior to the subsequent reinstatement of his license. The misconduct before us in this case violates a lawyer's duty not only to his client but also to the court system he serves. It is sufficiently serious to warrant the revocation of Attorney Elliott's license to practice law. The fact that this is, in part, the same type of misconduct for which we previously disciplined him serves to aggravate the seriousness of that misconduct.

Attorney Elliott's argument that the referee's recommendation for discipline is entitled to great weight does not reflect existing law. While this court should

take into consideration the referee's recommendation, it is not to be considered conclusive. It is for this court to determine appropriate discipline in cases of attorney misconduct. SCR 21.09(5). In making that determination, the court carefully considers the referee's recommendation, taking into account any aggravating or mitigating factors that might affect that recommendation. The court is free, however, to impose discipline more or less severe than that recommended by the referee, as the court may determine appropriate. Here, we conclude that, under all the circumstances, Attorney Elliott's misconduct warrants the revocation of his license to practice law.

IT IS ORDERED that the license of Wilford W. Elliott to practice law in Wisconsin is revoked, effective November 14, 1986.

IT IS FURTHER ORDERED that within 60 days of the date of this order Wilford W. Elliott pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Wilford W. Elliott comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.