In the Matter of Disciplinary Proceedings Against
Theodore F. Mazza, Attorney at Law:

Board of Attorneys Professional Responsibility,
n/k/a Office of Lawyer Regulation, Complainant,

v.

Theodore F. Mazza, Respondent.

Supreme Court

*Nos. 76–0476–D, 83–0843–D. Decided April 26, 2002.*

2002 WI 36

(Also reported in 643 N.W.2d 83.)

¶ 1. PER CURIAM. We review the recommendation of the referee that Theodore F. Mazza's license to practice law in Wisconsin be reinstated upon certain conditions. The Office of Lawyer Regulation (OLR)[1] and the Board of Bar Examiners (BBE) join in that recommendation.

¶ 2. We adopt the referee's findings of fact and conclusions of law and agree with his recommendation that Theodore F. Mazza's license to practice law be reinstated. As conditions of Mr. Mazza's reinstatement, he shall be required to participate in counseling for a period of six months and shall be required to submit to a quarterly audit of his client trust account, at his own expense, for a period of two years. In addition, he shall be required to pay the costs of the reinstatement proceeding.

¶ 3. Theodore Mazza was admitted to practice law in Wisconsin in 1965 and was engaged in private practice in Waukesha county until 1977. In 1978 Mr. Mazza's license to practice law was suspended indefinitely after this court found he had engaged in professional misconduct, including abusing the attorney-client relationship, misusing his trust account, and neglecting the work of clients and failing to respond to

---

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process underwent a substantial restructuring. The name of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed to the Office of Lawyer Regulation (OLR) and the supreme court rules applicable to the lawyer regulation system were also revised. Unless otherwise stated, references to supreme court rules will be to those currently in effect.

their telephone calls. *See Disciplinary Proceedings Against Mazza,* 82 Wis. 2d 598, 262 N.W.2d 767 (1978).

¶ 4. In March of 1982 Mr. Mazza was convicted of a criminal charge of conspiracy to commit theft, party to a crime, based on acts committed prior to the suspension of his license. A second disciplinary action was filed against him based on the criminal conduct. In March of 1984 his license to practice law was revoked. *See Disciplinary Proceedings Against Mazza,* 117 Wis. 2d 770, 345 N.W.2d 492 (1984).

¶ 5. On August 14, 2000, Mr. Mazza filed a petition for reinstatement of his license under SCR 22.28.[2] The case was assigned to a referee, pursuant to SCR 22.30.[3] The referee, John Schweitzer, held a public hearing on the reinstatement petition. Various wit-

---

[2] SCR 22.28 provides: License reinstatement.

(1) An attorney suspended from the practice of law for nonpayment of state bar dues or failure to comply with continuing legal education requirements or the trust account certification requirement under SCR 20:1.15(g) shall be reinstated pursuant to the rules governing the suspension.

(2) The license of an attorney suspended for misconduct for less than six months shall be reinstated by the supreme court upon the filing of an affidavit with the director showing full compliance with all the terms and conditions of the order of suspension and the director's notification to the supreme court of the attorney's full compliance.

(3) The license of an attorney that is revoked or suspended for misconduct for six months or more shall be reinstated pursuant to the procedure set forth in SCR 22.29 to 22.33 and only by order of the supreme court.

[3] SCR 22.30 provides: Reinstatement procedure.

(1) The clerk of the supreme court shall select a referee from the panel provided in SCR 21.08, based on availability and geographic proximity to the petitioner's place of residence, and the chief justice shall appoint the referee to conduct a hearing on the

nesses testified at the hearing. Following the hearing the referee found that Mr. Mazza had paid the costs of the two disciplinary proceedings and had satisfactorily addressed the substance abuse problems that contributed to the behavior for which he was disciplined in those two cases.

¶ 6. The referee found that in preparation for the reinstatement hearing, Mr. Mazza underwent a psychological assessment administered by Burton S. Silberglitt, Ph.D. Dr. Silberglitt recommended reinstatement on the condition that Mr. Mazza continue counseling for at least six additional months. The referee found that no evidence was presented at the public hearing to cast doubt upon Mr. Mazza's present qualifications to practice law, and he found that except for completing his continuing legal education (CLE) requirements, Mr. Mazza had satisfactorily addressed all of the requirements for reinstatement contained in SCR 22.29(4).[4]

petition for reinstatement. In the case of a license suspension, the hearing shall not be held prior to the expiration of the period of suspension.

(2) The director shall investigate the eligibility of the petitioner for reinstatement and file a response with the referee in support of or in opposition to the petition.

(3) At least 30 days prior to the hearing, the director shall publish a notice in a newspaper of general circulation in any county in which the petitioner maintained an office for the practice of law prior to suspension or revocation and in the county of the petitioner's residence during the suspension or revocation and in an official publication of the state bar of Wisconsin.

(4) The notice under sub. (3) shall contain a brief statement of the nature and date of suspension or revocation, the matters required to be proved for reinstatement, and the date, time and location of the hearing on the petition.

[4] SCR 22.29(4) provides:

(4) The petition for reinstatement shall show all of the following:

¶ 7. The referee found that Mr. Mazza testified convincingly about the circumstances that led to his past substance abuse problems and criminal behavior. The referee noted Mr. Mazza has become active in Lawyers Concerned for Lawyers and the Lawyers' Assistance Program, has made 100 to 150 presentations on panels regarding the problems of drug addiction and chemical dependency, and helped found Vision Unita

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct or, if not, the petitioner's explanation of the failure or inability to do so.

Incorporated, an organization dedicated to helping chemically dependent physically disabled persons, particularly in the minority communities of Milwaukee's south side.

¶ 8. The referee noted that OLR accepted the favorable recommendation of the comprehensive psychological evaluation concluded by Dr. Silberglitt. The referee also noted Dr. Silberglitt opined that Mr. Mazza could safely be recommended to return to the practice of law; however, the doctor recommended that Mr. Mazza continue counseling for at least an additional six months. The referee said a fair reading of Dr. Silberglitt's report showed he was concerned about Mr. Mazza's anxiety about returning to the practice of law, and the referee interpreted Dr. Silberglitt's recommendation as a requirement that Mr. Mazza continue counseling for at least six months following his reinstatement to practice.

¶ 9. The referee concluded that the evidence presented by Mr. Mazza, by OLR, and by others at the public hearing indicated that Mr. Mazza could safely be recommended to the legal profession, the courts, the public, and this court, as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and an officer of the courts. The referee thus recommended that Mr. Mazza's petition for reinstatement be granted, subject to his completion of 90 CLE credits, his continuation in counseling for six months following his reinstatement, and his paying the costs of the reinstatement proceeding.

¶ 10. After the matter had been submitted to this court an order to show cause was issued asking Mr. Mazza to show cause why, assuming his petition for

reinstatement was granted, that as a condition of the reinstatement he should not be required, for a period of two years, to submit to an audit of his client trust account, at his own cost, at least quarterly. Mr. Mazza has informed this court that he has no objection to such a requirement.

¶ 11. After a review of the record we conclude that Theodore F. Mazza has established by clear, satisfactory, and convincing evidence that he has satisfied all the criteria for reinstatement. Accordingly, we adopt the referee's findings of fact and conclusions of law and we agree with the referee's recommendation that Mr. Mazza's license to practice law in Wisconsin be reinstated.

¶ 12. IT IS ORDERED that the petition for reinstatement of the license of Theodore F. Mazza to practice law in Wisconsin is granted, effective the date of this order, upon the condition that he complete 90 CLE credits.

¶ 13. IT IS FURTHER ORDERED that, as a condition of reinstatement, Mr. Mazza be required to participate in counseling as recommended in, and to address the issues identified in, the report of Dr. Silberglitt, which was made an exhibit in this case. Mr. Mazza is required to authorize his counselor to notify OLR of his participation in the required counseling and of either the completion of the required six-month period or his failure to participate as required. In the event OLR receives information that Mr. Mazza has not complied with this limitation, OLR may issue an order to show cause why Mr. Mazza's license should not be immediately suspended. Upon successful completion of the six-month counseling requirement, the limitation on Mr. Mazza's license shall terminate automatically.

¶ 14. IT IS FURTHER ORDERED that, as a further condition of reinstatement, for a period of two years, Theodore F. Mazza shall submit to an audit of his client trust account, at his own cost, at least quarterly, as required by OLR.

¶ 15. IT IS FURTHER ORDERED that within six months of the date of this order Theodore F. Mazza pay to the OLR the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Theodore F. Mazza to practice law in Wisconsin shall be suspended until further order of the court.