IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Thomas G. HETZEL, Attorney at Law.

Supreme Court

*No. 82–382–D. Filed June 24, 1985.*
(Also reported in 369 N.W.2d 394.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

---

On November 1, 1984, the Board of Attorneys Professional Responsibility (Board) filed a motion requesting the court to order Attorney Hetzel to show cause why his license to practice law in Wisconsin should not be revoked for his failure to comply with SCR 22.26 following the suspension of his license to practice law and requesting that Attorney Hetzel be adjudged in contempt of the court, pursuant to sec. 785.01(1)(b), Stats., by reason of his disobedience of the April 24 and May 24, 1984 orders of this court and that the court impose appropriate sanctions for contempt. In support of its motion, the Board filed an affidavit alleging that Attorney Hetzel continued to practice law following the effective date of the one-year suspension of his license by this court, *Disciplinary Proceedings Against Hetzel,* 118 Wis. 2d 257, 346 N.W.2d 782 (1984), and failed to comply with SCR 22.26, the court's rules governing an attorney whose license has been suspended.

Attorney Hetzel filed a response to the motion in which he denied the allegations of the Board's motion and affidavit. By order of December 12, 1984, we ordered Attorney Hetzel to show cause within 30 days why his license to practice law in Wisconsin should not be suspended or revoked for his failure to comply with SCR 22.26 and why he should not be held in contempt for his disobedience of the orders of this court and appropriate sanctions not be imposed accordingly. Attorney Hetzel did not file a response to the order to show cause. We referred the factual issues raised by the Board's motion and affidavit and Attorney Hetzel's response to Attorney Rudolph P. Regez as referee for determination, pursuant to sec. 751.09, Stats.

The referee conducted a hearing in the matter on February 18, 1985, and filed his report with the court on May 22, 1985. In that report, the referee made the

following findings of fact: (1) Attorney Hetzel continued to practice law following the effective date of his license suspension by continuing to represent at least seven clients in matters pending on the effective date of the suspension; (2) Attorney Hetzel failed to notify his clients whose matters were pending on the effective date of the suspension that his license had been suspended, that he could no longer represent them and that they should seek legal representation elsewhere; (3) Attorney Hetzel failed to return or delayed the return of at least four clients' files; and (4) Attorney Hetzel failed to notify courts or administrative agencies in which at least seven matters were pending on the effective date of the suspension that his license had been suspended. The referee also found that Attorney Hetzel continued to hold himself out as an attorney following the effective date of the suspension by failing to remove or adequately cover signs on his office door and building stating that he was engaged in the practice of law.

The referee recommended that Attorney Hetzel be held in contempt for his failure to comply with the court's prior orders, that his license be revoked and that he be ordered to pay the costs of this proceeding, together with the costs of the original disciplinary proceeding previously ordered to be paid. In making that recommendation, the referee noted: "Respondent's attitude throughout this entire proceeding was one of disdain. He made every effort to make a mockery of the hearing and endeavored to impede it at every stage. Although given full opportunity to respond to the Board's brief, he saw fit not to avail himself of that privilege." The referee also stated that Attorney Hetzel took no responsibility for the insufficiency of affidavits filed pursuant to SCR 22.26(4), purporting to show that he had fully complied with the court's suspension order and

the court's rules concerning the withdrawal from practice during the suspension.

We accept the referee's findings of fact and determine that the revocation of Attorney Hetzel's license to practice law is appropriate discipline for his disobedience of this court's orders suspending his license by continuing to practice law and for his failure to comply with the court's rules concerning an attorney whose license has been suspended, SCR 22.26. We do not impose additional sanctions on Attorney Hetzel for his being in contempt of court; any continuing contempt on Attorney Hetzel's part shall be referred to the appropriate authorities for prosecution, pursuant to sec. 785.03, Stats.

IT IS ORDERED that the license of Thomas G. Hetzel to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Thomas G. Hetzel pay to the Board of Attorneys Professional Responsibility the costs of this proceeding.